IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALBERT J. BYRD,

        Petitioner,

v().                                         Civil Action No. 3:05CV15
                                          Criminal Action No. 3:04CR27-02

UNITED STATES OF AMERICA,      (JUDGE STAMP)

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 14, 2005, the pro se petitioner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response October 17, 2005.[2] The motion was referred to me March 25, 2005.

### II. FACTS

#### A. Conviction and Sentence

On August 26, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 14 of the indictment, distribution of .92 grams of cocaine base in violation of Title 21, United States Code, Section 841 (a)(1), and 841 (b) (1) (C).[3] In paragraph nine (9) of the plea agreement, the parties stipulated to total drug relevant conduct of not less than 2,168.665 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and to

---

[1] Doc. No. 160.

[2] Doc. No. 234.

[3] Doc. No. 108.

collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence. However, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4 (b) (1) (A) (ii) of the Federal Rules of Appellate Procedure.
>
> 11. Defendant waives any right he may have to ask the Court for any departures pursuant to any section found in USSG Chapters 5H or 5K.
>
> 12. Defendant also hereby waives any right he has or may have to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of any Guidelines provisions and consents to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Defendant further agrees that the District Judge should make any sentencing determinations, including but not limited to Guidelines determinations, using the preponderance of the evidence standard. Defendant acknowledges and understands that by signing this Plea Agreement he waives any right to a jury determination of sentencing factors that he has or may have pursuant to the Sixth Amendment to the Constitution of the United States of America, *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions.

On September 1, 2004, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Kevin Miller, of the Martinsburg, West Virginia , Police Department, to establish a factual basis for the plea. (Plea transcript pp. 23-25). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 14 of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will because he was guilty. (Id. at 25-26) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of Count 14 were established beyond a reasonable doubt. (Id. at 27) The petitioner did not object to the Court's finding.

On November 15, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 240 months imprisonment.

**B.**   **Appeal**

Petitioner did not appeal the conviction.

**C.**   **Federal Habeas Corpus**

1.  Petitioner contends:

    - His plea was involuntary because he did not understand the nature of the plea and its consequences;

    - His conviction was contained (obtained?) by use of a coerced confession;

    - He was denied the right to appeal;

    - His conviction was obtained by a violation of the privilege against self-incrimination.

    Petitioner asserts ineffective assistance of counsel in the factual basis for each of these grounds.

    Petitioner also asked that his sentence be corrected "in light of" the decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

2.  The Government contends:

    - The record of the plea hearing demonstrates the plea was voluntary; there was no coerced confession and no Fifth Amendment violation.

    - The record of the plea hearing also demonstrates there was no ineffective assistance of counsel.

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

A.  **Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007(1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

B.  **Waiver of Collateral Attack Rights**

The Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Recently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.[4] Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights. Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not

---

[4]In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).

Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

6

address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights differently from waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Thus, the Fourth Circuit found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence.

In determining whether a waiver is "knowing and intelligent, the court must review "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)). A waiver is valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11 of the Federal Rules of Civil Procedure. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991).

A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

### IV. DISCUSSION

A.  **Ineffective Assistance of Counsel**

The petitioner, herein, is asserting what amounts to an Apprendi claim.[5] However, the petitioner's Apprendi claim is without merit. The petitioner pleaded guilty to Count 14 of the indictment, charging possession with intent to distribute .92 grams of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c). The statutory penalty for such a violation is contained in 21 U.S.C. § 841(b)(1)(B) which provides for a term of imprisonment of up to 20 years. The district court imposed a sentence of 240 months (20 years), which equals the statutory maximum 20 years. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 503 U.S. 220 (2005) the same is without merit. Blakely, as an extension of Apprendi, holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by the jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

---

[5] The decision in Apprendi v. New Jersey, established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

8

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[6] Therefore, the petitioner is not entitled to have Booker applied retroactively to his sentence on collateral review.

Thus, the petitioner is left with nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, the petitioner acknowledged that in reference to relevant conduct, the Court in determining his Total Offense Level in references to sentencing under the Guidelines can take into account any conduct, circumstances, and injuries that are relevant to the crime to which he pleaded guilty. (Plea Transcript p. 19). In addition, the petitioner acknowledged that he could receive a sentence of up to 20 years imprisonment. (Plea Transcript p. 17). Finally, the petitioner acknowledged that his attorney had adequately represented him and left nothing undone. (Plea Transcript p. 26-27). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged

---

[6] The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to case on collateral review, in conformity with nine circuit courts of appeals that have considered the issue.

9

deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

B. **Waiver of Collateral Attack Rights**

In determining whether the petitioner's claims are barred by the waiver, the undersigned must first determine whether the waiver is knowing and voluntary, and if so, whether the claims fall within the scope of the waiver.

The Court specifically asked petitioner at the plea hearing if he understood he was giving up the right to appeal the sentence if it was within the maximum sentence, the right to challenge the method used to determine the sentence and the right to file a habeas corpus petition. (Plea Transcript p. 14). Petitioner's counsel was asked if petitioner understood he was giving up all rights to appeal. (Id) The Court found the plea was made freely and voluntarily and that petitioner understood the consequences of his guilty plea (Id at 27).

All petitioner's claims except ineffective assistance of counsel previously discussed fall within the waiver. All claims other than ineffective assistance of counsel are barred by petitioner's waiver.

Finally, Petitioner's testimony at the plea hearing refutes all his claims.

## VI. RECOMMENDATION

The undersigned recommends that the Court enter an order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's § 2255 motion (Doc. No. 160).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

      DATED: January 11, 2007

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE